GEORGE B. YOUNG v. TOWNSHIP OF LANDIS ET AL.

Submitted December 11, 1905—Decided February 26, 1906.

Land may be dedicated to a restricted public use, and, if accepted, must be taken for the limited purpose only.

---

On *certiorari* to review ordinance.

Before Justices DIXON and SWAYZE.

For the prosecutor, *Henry S. Alvord* and *Howard Carrow.*

For the defendants, *Royal P. Tuller* and *Walter II. Bacon.*

The opinion of the court was delivered by

DIXON, J. At the February Term, 1902, the court ordered the present writ of *certiorari* to be dismissed for informality (*Young* v. *Crane,* 38 *Vroom* 453), but afterwards it was reinstated and amended to comply with the views of the court by bringing in the township of Landis as a defendant. It is now before us for consideration on the merits.

The ordinance under review was passed June 11th, 1901, and requires that the driveway of Landis avenue, between Main avenue and the borough of Vineland, be made seventy feet wide, being thirty-five feet on each side of its centre line, and that all poles, posts and trees within the limits of such driveway be forthwith removed. No proceedings to condemn any part of the proposed driveway are contemplated.

One of the reasons assigned by the prosecutor for setting aside this ordinance is that a portion of the avenue to be affected thereby was dedicated specially for purposes inconsistent with its use as a driveway, and therefore the township had no authority to pass the ordinance.

The facts established by proofs recently submitted are that by proceedings taken in this court at the term of June, A. D. 1863, a highway was laid out three rods wide and about eighteen miles long, extending from the neighborhood of Mays Landing, in the county of Atlantic, to the road leading from Camels Tavern to Bridgeton, in the county of Salem; that the centre line of this highway is coincident with the centre line of Landis avenue; that Charles K. Landis was the owner of the property on both sides of this highway so far as it is now in question; that he, by his conveyances to and agreements with the purchasers of his property, dedicated to public use an additional width of twenty-five feet on each side of the highway, but subject to certain regulations prescribed by him as to grass and shade trees, which, if observed, would preclude the use of this dedicated land as a driveway; and that these regulations were made known to and concurred in by the public authorities at the time of the dedication and have been substantially complied with ever since. Similar facts were disclosed in the case of *Avis* v.

*Vineland,* 27 *Vroom* 474, and are there stated with more detail in the opinion of Mr. Justice Abbett.

It is a settled legal rule that land may be dedicated to a restricted public use, and if accepted must be taken for the limited purpose only. *State* v. *Society,* 15 *Vroom* 502; *Ayres* v. *Pennsylvania Railroad Co.,* 23 *Id.* 405. The dedication of the land outside of the original highway was of this restricted character.

It follows that the township had no authority to widen the driveway as proposed in this ordinance, and consequently the ordinance must be set aside, with costs.